Patrick P. STAUDNER, Plaintiff,

v.

ROBINSON AVIATION, INC. and Professional Air Traffic Controllers Organization, Defendants.

No. 4:15–CV–98–BO

United States District Court, E.D. North Carolina, Eastern Division.

Signed 07/21/2017

Tracy H. Stroud, Colombo, Kitchin, Dunn, Ball & Porter, LLP, Greenville, NC, for Plaintiff.

Michael C. Lord, Williams Mullen, Raleigh, NC, Lance M. Geren, Nina C. Hogan, Freedman & Lorry, P.C., Philadelphia, PA, for Defendants.

## ORDER

TERRENCE W. BOYLE, UNITED STATES DISTRICT JUDGE

This matter is before the Court on defendant Robinson Aviation's ("RVA") motion to dismiss [DE 74] and defendant Professional Air Traffic Controllers Organization's ("PATCO") motion to dismiss [DE 78]. The matters have been fully briefed and are ripe for adjudication. A hearing on these motions was held on June 20, 2017, in Raleigh, North Carolina. For the reasons discussed below, PATCO's motion to dismiss is granted and RVA's motion to dismiss is denied.

## BACKGROUND

Plaintiff is a former air traffic control specialist at the New Bern, North Carolina airport who has filed this suit against his labor union, Professional Air Traffic Controllers Organization, and former employer, Robinson Aviation, Inc. Plaintiff was employed by Robinson Aviation from October 20, 2000 to November 20, 2014. Plaintiff alleges that he was falsely accused of not following policies in order to terminate his employment. Plaintiff contends that his employer engaged in multiple breaches of the collective bargaining agreement, including termination of plaintiff's employment without just cause, and that PATCO breached its duty of fair representation when it declined to pursue plaintiff's grievance to arbitration on plaintiff's behalf. Plaintiff alleges that defendants' actions or omissions were in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

On July 29, 2016, the Court denied the defendants' Rule 56 motions regarding the Section 301 claim after finding a genuine issue of material fact on whether PATCO's decision not to pursue plaintiff's grievance to arbitration was arbitrary or was done in bad faith. [DE 65 at 3–6]. However, the Court granted defendant RVA's Rule 56 motion as to plaintiff's common law claim against RVA for allegedly breaching their employment agreement because federal labor law preempted the cause of action. [DE 65 at 7].

On November 18, 2016, defendant RVA filed a motion to dismiss the remaining claim against it, arguing that it was prepared to tender a make-whole offer in the amount of $9,250 to plaintiff, which it argued was the full amount of damages that could be assessed against it. [DE 74]. On December 9, PATCO also filed a motion to dismiss, arguing that the complaint should be dismissed for lack of subject matter jurisdiction because plaintiff failed, as a matter of law to exhaust the remedies available to him under the collective bargaining agreement. [DE 78].

## DISCUSSION

The Labor Management Relations Act ("LMRA") provides that "suits for violation of contracts between an employer and a labor organization representing employees" may be brought in federal district court. 28 U.S.C. § 185(a). Because plaintiff was represented by a union pursuant to a collective bargaining agreement ("CBA") during his employment, plaintiff may not

sue his former employer for violation of the CBA unless he can also show that his union breached its duty of fair representation; this is commonly referred to as a hybrid 301 action. *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002) ("in order to prevail on the merits against either party, an employee must prove both 1) that the union breached its duty of fair representation and 2) that his employer violated the collective bargaining agreement."). Plaintiff must prevail first on his claim against the union before his claim against his former employer may be considered. *Id.* at 657.

▆ In such a "hybrid" action, "the two claims are inextricably interdependent." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In a "hybrid" action whose underlying claim is wrongful discharge, "[t]o prevail against either the company or the Union, ... [plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." *Id.* at 165, 103 S.Ct. 2281 (quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66–67, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981)). Liability in these types of labor cases is to be apportioned between the employer and the union according to the damages caused by their relative fault. *Vaca v. Sipes*, 386 U.S. 171, 197, 87 S.Ct. 903, 17 L.Ed.2d 842 (1966). Damages attributable solely to the employer's breach of contract should not be charged to the union, but increases if any in those damages caused by the union's refusal to process the grievance should not be charged to the employer. *Bowen v. United States Postal Serv.*, 459 U.S. 212, 223, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983).

▆ The Supreme Court instructs that, where a collective bargaining agreement establishes a grievance procedure, "[a]n employer cannot be held liable for breach of a collective bargaining agreement unless it can be shown that the employee unsuccessfully sought relief through the union grievance procedure." *Vaca*, 386 U.S. at 185, 87 S.Ct. 903. Under this principle, if it is undisputed that an employee did not attempt to first resolve the dispute via the grievance process, he cannot sue his employer for any alleged breach of the collective bargaining agreement, and consequently cannot sue his union for any alleged breach of the duty of fair representation. *See Nat. Post Office Mail Handlers Local No. 305, LIUNA, AFL–CIO v. U.S. Postal Serv.*, 594 F.2d 988, 991 (4th Cir. 1979) ("It is a well-established principle of labor law that a union and its members must exhaust the remedies provided in their collective bargaining agreement with the employer before they seek judicial intervention."); *Amburgey v. Consolidation Coal Co.*, 923 F.2d 27, 29–30 (4th Cir. 1991); *Weitzel v. Portney*, 548 F.2d 489, 493 (4th Cir. 1977); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 595 (3d Cir. 2005).

Courts have recognized this exhaustion requirement because "national labor policy ... encourages private rather than judicial resolution of disputes arising over collective-bargaining agreements." *Clayton v. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 451 U.S. 679, 689, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). "A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it.... [I]t would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances.... [a]nd would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." *Repub-*

*lic Steel Corp. v. Maddox*, 379 U.S. 650, 653, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965) (internal quotations omitted). As the Supreme Court has further explained in a subsequent case:

> Where internal union appeals procedures can result in either complete relief to an aggrieved employee or reactivation of his grievance, exhaustion would advance the national labor policy of encouraging private resolution of contractual labor disputes. In such cases, the internal union procedures are capable of fully resolving meritorious claims short of the judicial forum. Thus, if the employee received the full relief he requested through internal procedures, his § 301 action would become moot, and he would not be entitled to a judicial hearing. Similarly, if the employee obtained reactivation of his grievance through internal union procedures, the policies underlying *Republic Steel* would come into play, and the employee would be required to submit his claim to the collectively bargained dispute-resolution procedures. In either case, exhaustion of internal remedies could result in final resolution of the employee's contractual grievance through private rather than judicial avenues.

*Clayton*, 451 U.S. at 692, 101 S.Ct. 2088.

Both defendants have filed motions to dismiss. PATCO has moved to dismiss plaintiff's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject matter jurisdiction over the matter because of plaintiff's failure to exhaust his remedies under the CBA. Because this motion attacks the Court's jurisdiction, the Court will address this motion first.

The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litiga-

tion, even after trial and the entry of judgment. Fed. R. Civ. P. 12(b)(1); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). A defendant may raise an objection challenging subject matter jurisdiction by contending "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009), quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In labor cases, it is proper for the Court to analyze a motion to dismiss for failure to meet the exhaustion requirement as one that challenges the subject matter jurisdiction of the Court. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, is the basis of federal court jurisdiction in breach of labor contract cases and, as previously discussed, Section 301 has been held to require exhaustion of the grievance and arbitration procedures established by the bargaining agreement. *Vaca*, 386 U.S. at 184, 87 S.Ct. 903; *see also Clayton*, 451 U.S. 679, 101 S.Ct. 2088; *Farkas v. Ellis*, 780 F.Supp. 1013, 1016–17 (S.D.N.Y. 1992). Therefore, the Court may, and indeed is obligated to, assess the grievance procedures provided for by the CBA in this matter and whether such procedures were exhausted by plaintiff such that this Court has jurisdiction to review his complaint.

As an initial matter in assessing the grievance procedures provided for by the CBA, the Court finds that plaintiff was given the right to independently pursue his grievance before an arbitrator. As *Bowen* indicates, "[t]he parties to the collective-bargaining agreement, of course, may choose not to include a grievance procedure supervised by the union or, if they do, may choose not to make the procedure exclusive." 459 U.S. at 223 n.14, 103 S.Ct. 588. The CBA in this matter provided for such an independent grievance procedure.

Article 19 of the CBA details for a four-step grievance procedure culminating in final and binding arbitration with an arbitrator selected through the Federal Mediation and Conciliation Service. [DE 1 at 37–40]. Specifically, Article 19, Section 5(B) of the collective bargaining agreement provided:

> Any employee or group of employees covered by this Agreement may present grievances without the assistance of exclusive representation, as long as the exclusive representative has been given the opportunity to be present during the grievance proceedings. No other individual(s) may serve as the employee's representative in the processing of a grievance under this grievance procedure unless designated by the Union. The right of individual presentation does not include the right of taking the matter to arbitration unless the Union agrees to do so. If the employee is not represented by the Union, any adjustment of the grievance shall be consistent with the terms of this collective bargaining agreement.

*Id.* at 38. This language clearly allows for individual presentation of an employee's grievance and its adjustment without union intervention, even through arbitration, provided only that PATCO be given the opportunity to be present. Accordingly, plaintiff had both the opportunity and obligation to pursue these grievance measures through binding arbitration, whether he was assisted by the Union or not.

Under this understanding of the CBA, and as a result of the undisputed facts presented to the Court, the Court finds that plaintiff failed to exhaust the grievance procedures provided for in the CBA. There is no dispute that plaintiff voluntary ended the arbitration process before completion. There is no dispute that plaintiff failed to submit the matter to an arbitrator, much less pursue the matter to the point of a binding decision one way or the other, and therefore failed to exhaust the remedies available to him.

 There are several limited exceptions to the exhaustion requirement, none of which are applicable here. One such exception holds that exhaustion may be avoided where the union breached its duty of fair representation and that breach played some role in the employee's failure to exhaust his contractual remedies. *Groves v. Communication Workers of America*, 815 F.3d 177, 182 (4th Cir. 2016). In order to excuse exhaustion under this exception, an employee must demonstrate that the union's breach of its duty of fair representation was the cause of the failure to exhaust. But where, as here, the employee has an independent right to participate in the agreed-upon grievance procedures, and where the union acquiesced to that independent representation, then the union cannot be held responsible for the employee's failure to pursue the remedies expressly envisioned and provided for in the CBA unless the union was somehow responsible for the employee's failure to pursue those remedies. Here, plaintiff has not alleged, and nor can he, that he was prevented from pursuing arbitration as a result of PATCO's breach of its duty of fair representation; rather, plaintiff has only alleged that PATCO breached its duty of fair representation in failing to pursue his grievance to arbitration. PATCO negotiated contractual language which afforded plaintiff the ability to move to arbitration on his own, with PATCO's consent, and PATCO provided him with that consent. PATCO was not obligated to do anything further, and did nothing to impede plaintiff, and plaintiff's failure to exhaust his remedies cannot be excused on this basis.

██ An employee may also be excused from exhausting contractual remedies where the conduct of the employer amounts to a repudiation of such procedures. *Vaca*, 386 U.S. 171, 87 S.Ct. 903. Plaintiff points to RVA's decision not to participate in arbitration as evidence that it repudiated the procedures provided for in the CBA and which justifies his failure to exhaust those remedies. The Court does not agree. Other courts have found, in interpreting language akin to that found in this CBA, that neither such an agreement nor the labor laws grants employees the right to compel employers to submit to arbitration absent union representation. *See Black–Clawson Co. v. Int'l Ass'n of Machinists Lodge 355*, 313 F.2d 179, 185–86 (2d Cir. 1962) (citing *Ostrofsky v. United Steelworkers*, 171 F.Supp. 782 (D. Md. 1959), *aff'd*, 273 F.2d 614 (4th Cir. 1960), *cert. denied*, 363 U.S. 849, 80 S.Ct. 1628, 4 L.Ed.2d 1732 (1960)). Although RVA declined to participate in arbitration with plaintiff, RVA's conduct does not amount to repudiation of the procedures because it was acting on what it perceived to be its right to decline plaintiff's invitation to arbitrate. Nothing prevented plaintiff from then submitting the matter to an arbitrator familiar with the labor laws who then, after due consideration, would rule one way or the other on the arbitrability of this dispute and who could best determine whether RVA could be compelled to arbitrate with plaintiff independent of PATCO. Instead, plaintiff short-circuited the process envisioned by the CBA, in contradiction of both the agreement and federal law. *See Amburgey*, 923 F.2d at 29 ("Federal labor law policy favors adjustment by the parties of disputes arising under a collective bargaining agreement."); *see also* 29 U.S.C. § 173(d) ("Final adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes.").

Therefore, because plaintiff failed to exhaust the remedies available to him under the CBA and was not justified in not doing so, this Court lacks subject matter jurisdiction over the complaint and must dismiss the matter. Because the Court lacks jurisdiction and will dismiss the matter, it need not address RVA's motion to dismiss.

### CONCLUSION

For the foregoing reasons, defendant Professional Air Traffic Controllers Organization's motion to dismiss [DE 78] is GRANTED and defendant Robinson Aviation's motion to dismiss [DE 74] is DENIED. The Clerk is DIRECTED to close the case.

SO ORDERED, this 21 day of July, 2017.